IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MICHAEL SHANE WOOD                                                                                    PLAINTIFF

vs.                                              Civil No. 1:22-cv-01067

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION                                                                          DEFENDANT

## MEMORANDUM OPINION

Michael Shane Wood ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Title II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff filed his disability applications on October 15, 2020. (Tr. 10).[1] In his applications, Plaintiff alleges being disabled due to back issues, inability to sit or stand for long periods of time, neck pain, should pain, depression, and anxiety. (Tr. 37-38, 247). Plaintiff alleged an onset date of

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 15. These references are to the page number of the transcript itself not the ECF page number.

1

September 15, 2020. (Tr. 10). Plaintiff's applications were denied initially and again upon reconsideration. *Id.*

Plaintiff requested an administrative hearing on his denied applications, and this hearing request was granted. (Tr. 146-206). This hearing was held on November 30, 2021. (Tr. 30-61). At this hearing, Plaintiff was present, and represented by Matthew Golden. *Id.* Plaintiff and Vocational Expert ("VE"), Clifton King testified at the hearing. *Id.*

Following the administrative hearing, on January 12, 2022, the ALJ entered an unfavorable decision. (Tr. 10-22). In this decision, the ALJ determined Plaintiff met the insured status of the Act through December 31, 2024. (Tr. 12, Finding 1). The ALJ also found Plaintiff had not engaged in substantial gainful activity ("SGA") since September 15, 2020. (Tr. 12, Finding 2).

The ALJ determined Plaintiff had the severe impairments of degenerative disc disease of the cervical and lumbar spine. (Tr. 12, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 13, Finding 4).

The ALJ considered Plaintiff's subjective complaints and determined his RFC. (Tr. 14-20). The ALJ evaluated Plaintiff's subjective complaints and found the claimed limitations were not entirely consistent with the medical evidence and other evidence in the record. *Id.* The ALJ also determined Plaintiff retained the RFC to perform sedentary work with additional exertional, postural, manipulative, and environmental restrictions. *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 20, Finding 6). The ALJ determined Plaintiff was not capable of performing his PRW. *Id.* However, the ALJ found there were jobs in significant numbers in the national economy that Plaintiff could perform. (Tr. 21, Finding 10). With the help of the VE, the ALJ found Plaintiff could perform the representative occupations of (1) final assembler optical goods with approximately 2,500 to 2,700 jobs in the

nation, (2) grinding machine operator with approximately 1,500 to 1,800 jobs in the nation, and (3) addresser with approximately 8,000 jobs in the nation. *Id*. Based upon this finding, the ALJ determined Plaintiff had not been disabled from September 15, 2020, through the date of the decision. (Tr. 22, Finding 11).

On November 29, 2022, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 21, 23. This case is now ready for decision.

2.   **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

3

or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence in the record.  ECF No. 21.  In making this claim, Plaintiff only argues the ALJ erred in assessing his subjective allegations.  *Id.*

In assessing the subjective allegations of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. §

404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective allegations of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective allegations. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective allegations are not entirely valid, the ALJ's determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective allegations "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's allegations of pain, the ALJ must make a specific evaluation of a claimant's subjective allegations, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.  *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with *Polaski* in his evaluation of Plaintiff's subjective allegations.  (Tr. 14-20).  Indeed, the ALJ opinion outlined his subjective allegations and noted inconsistencies between those allegations and the record.  *Id.*  The ALJ also noted his daily activities and set forth reasons for finding them not as limiting as described by Plaintiff.  *Id.*  Furthermore, the ALJ carefully summarized Plaintiff's medical records and noted how he was receiving treatment and medication for his impairments that appeared to be effective.  *Id*.  Based upon the Court's review, there is no basis for reversal on this issue.  *See, e.g., Guilliams v. Barnhart,* 393 F.3d 798, 801 (8th Cir. 2005) (recognizing an ALJ may discount a "claimant's subjective complaints . . . if there are inconsistencies in the record as a whole").

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence, and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 31st day of January 2024.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE